IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY CONLEY,

               Petitioner,

    v.                            CASE NO. 17-3091-SAC

SAM CLINE,

               Respondent.

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se, and the Court grants leave to proceed in forma pauperis.

Petitioner was convicted of first-degree murder in the District Court of Sedgwick County, Kansas. He is serving a Hard 40 sentence.

**Screening Requirements**

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the district courts "must promptly examine" habeas corpus actions filed by state prisoners and must dismiss those actions "[i]f it plainly appears … that the petitioner is not entitled to relief." Likewise, the federal courts must consider their jurisdiction sua sponte and must dismiss any action in which subject matter jurisdiction is lacking. *See* Fed.R.Civ.P. 12(h)(3).

**Second or Successive Petitions Filed under Section 2254**

Under 28 U.S.C. § 2244(b), a petitioner may proceed in a second or successive application for habeas corpus relief under Section 2254 only upon obtaining prior authorization from the appropriate federal court of appeals.

Court records in this district show that petitioner sought relief from the same conviction he challenges in the present action in an earlier petition. *See Conley v. McKune*, 2004 WL 3019431 (D. Kan. Dec. 30, 2004)(denying habeas corpus relief)[1].

As a result, the present petition is a successive habeas petition, and petitioner must obtain authorization from the Tenth Circuit Court of Appeals before bringing this action. 28 U.S.C. §2244(b)(3)(A). Because petitioner does not show that he has obtained the necessary authorization, this Court lacks jurisdiction to consider the filing. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008)(per curiam).

In the Tenth Circuit, "[w]hen a second or successive § 2254 … claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the … petition for lack of jurisdiction." *Cline*, 531 F.3d at 1252. Having considered the petition, which appears to assert claims that were not presented to the state courts and which presents no exceptional circumstances, the Court declines to transfer this matter and will dismiss the petition for lack of jurisdiction. This dismissal does not prevent the petitioner from seeking authorization from the Tenth Circuit Court of Appeals.

**Certificate of Appealability**

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court, "[t]he district court must issue or deny

---

[1] Court records confirm that the petitioner in that action, Case No. 04-3144-KHV, and in this action have the same prisoner number and challenge the same conviction, though on different grounds.

a certificate of appealability when it enters a final order adverse to the applicant." A district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court specifically identifies the issue or issues that warrant additional review. 28 U.S.C. § 2253.

A petitioner meets this standard by showing that the issues presented are debatable among jurists, that a court could resolve the claims differently, or that the questions warrant additional review. *Slack v. McDaniel*, 529 U.S. 473 (2000)(citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). Where a court's ruling is based on a procedural ground, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, the Court finds no basis to issue a certificate of appealability. The Court's procedural ruling that this matter is a successive petition filed without the necessary prior authorization is not reasonably debatable.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion to proceed in forma pauperis (Doc. #2) is granted.

IT IS FURTHER ORDERED this matter is dismissed without prejudice for lack of jurisdiction.

IT IS FURTHER ORDERED no certificate of appealability shall issue.

**IT IS SO ORDERED.**

DATED:  This 31st day of May, 2017, at Topeka, Kansas.

                                        S/ Sam A. Crow  
                                        SAM A. CROW  
                                        U.S. Senior District Judge